This is a proceeding under the charter of Rutherfordton to condemn certain land for a public street.
On 23 May, 1911, the board of commissioners made an order condemning certain lands belonging to the plaintiff W. A. Carpenter for the purpose of constructing a street from the Rutherford Hospital to the Seaboard Air Line depot, it being provided by said order that five disinterested freeholders be summoned to meet upon the premises and assess such damages to the plaintiff as they might find due him. Said committee filed their report with the said board of town commissioners, and (96) found no damages due plaintiff, to which report the plaintiff excepted, and a date was fixed for the hearing by the said board of the exceptions of plaintiff. On the said date, to wit, on 19 June, 1911, the board heard and considered said exceptions, and on said date an order was made confirming said report. The plaintiff appealed to the Superior Court.
The exceptions of said Carpenter are as follows:
1. Because the said report does not award any damages to the said W. A. Carpenter.
2. Because the report shows that the said street is to be the width of 40 feet through the entire lands of said Carpenter, and awards him no damage; in other words, the report finds that a strip of land 40 feet wide through his entire lands has no value.
3. In addition to the land taken of the width of 40 feet and ...... feet in length, the said W. A. Carpenter is greatly damaged, for the following reasons:
First. His residence lot where he resides, and on which he has built a good house and barn at the cost of more than $2,000, extends across the old road or street, and to build a new street as recommended by the freeholders will burden his land with two streets.
Second. The new street enters the land of the said W. A. Carpenter about opposite his dwelling, and so divides the lot as to destroy two nice house sites, the land on either side of the street not being sufficient depth for house sites, thereby destroying its value for practical purposes.
Third. The proposed new street will be cut off from 5 to 2 feet almost entirely through the said lot.
Fourth. On the more eastern lots of the said Carpenter he has a pasture, supplied with water, in which he keeps his cattle, and on which he has a slaughter pen; and the said new street or road, in addition to the land it requires, will destroy his pasture by diverting the water *Page 157 
therefrom, and will render both the slaughter pen and pasture inaccessible, and therefore of no practical value.
In the Superior Court the plaintiff Carpenter claimed damages by reason of the road being constructed through his residence lot, and also through another lot, not adjoining the residence lot, known as the slaughter-pen lot, and proposed by witness J. D. Justice to show that the said newly constructed street practically destroyed the value of the slaughter-pen lot, to which defendant town objected on the ground that plaintiff had not claimed any damage to this lot in his exceptions, and also that records did not show that this slaughter-pen lot had been condemned in this proceeding; and the court so holding, objection sustained, and plaintiff excepted.
That plaintiff then asked witness Justice whether the new street runs through the slaughter-pen lot or not. Defendants objected. Objection sustained, and plaintiff excepted.
The jury returned a verdict finding that Carpenter was not (97) entitled to recover any damages, and from a judgment in favor of the defendant, he appealed.
We have not had the benefit of an argument in behalf of the defendant, and in the absence of a plat showing the location of the street and of the lots of the plaintiff, it is difficult to pass on the exceptions to the evidence.
It appears, however, that the plaintiff set out specifically in his exceptions a demand for damages to the slaughter pen lot, and it was therefore clearly competent to prove that the street was located on this lot, and the damage caused thereby, and for the refusal to admit evidence of these facts a new trial is ordered.
New trial.